# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

xxxx xxx xxxxxxxxx xxxxxx,
xxx. xxx, NW
WASHINGTON, DC

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER:

(Further described below)

I ___JASON SHATARSKY___ being duly sworn depose and say:

I am a(n) <u>SeniorSpecial Agent with the United States Immigration and Customs Enforcement</u> and have reason to believe
                (Official Title)
that  (name, description and or location)

    xxxx xxx xxxxxxxxx xxx, xxx. xxx, NW, Washington, DC, the building is a brick faced apartment building w/ main door entrances on xxxxxxxx xxxx and xxxxx xx., NW, Washington, DC, above main entrance on xxxxx xx., nos. xxxxare affixed to top of the door, the entrances are glass doors that enter apartment building. Upon entering building from xxxxxxxx xxxx, there is set of stairs that go up and are stairs utilized to get to 1st floor. When on 1st floor, the target apt. #xxx is at the end of the hallway on the left hand side and door is peach, or pink wood slat with door nos. xxx.

in the District of Columbia, there is now concealed a certain person or property, namely (describe the person or property to be searched)

SEE ATTACHMENT A.

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
concerning a violation of Title _21_ United States Code, Section(s) _841_ . The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.     YES ☐ NO

George Eliopoulos
OCNT
(202)202-514-7294

Signature of Affiant
,

Sworn to before me, and subscribed in my presence

_____    at Washington, D.C.
Date

_____    _____
Name and Title of Judicial Officer    Signature of Judicial Officer

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

AFFIDAVIT IN SUPPORT OF APPLICATION )
FOR SEARCH WARRANT FOR )
xxxx xxx xxxxxxxxx xxxxxx, )
xxx. # xxx, NORTHWEST, )  Misc. No. _____
DISTRICT OF COLUMBIA )
 )
 )

## BACKGROUND AND EXPERIENCE

I, Jason Shatarsky, (hereinafter Affiant), Senior Special Agent, U.S. Immigration and Customs Enforcement (ICE), being duly sworn, state as follows:

1.. I have been employed as a Senior Special Agent with ICE since October 2001. I am currently assigned to the Special Agent in Charge, Washington D.C. Field Office. I have attended a nine-week Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) and an eight-week Customs Basic Enforcement School at FLETC, during which I received training in detection of and laws concerning controlled substances. Prior to being employed with ICE, I was a police officer with the Leesburg, Virginia Police Department. I have personally investigated over 100 cases involving controlled substances. They range from street level distributors of illegal narcotics to major international drug smuggling organizations. I have participated in over 100 drug and/or firearms related arrests and have also applied for and/or executed over 100 search warrants which have led to the recovery of illegal narcotics, weapons and other evidence relating to narcotics and related offenses.

2. Based upon your affiant's training and experience, and participation

in this and other narcotics investigations, I know the following:

    a.    Narcotics traffickers often maintain financial records and financial instruments related to their narcotics transactions and the profits derived from those transactions including, but not limited to, currency, bank checks, cashiers checks, Western Union receipts, money orders, stocks, bonds, precious metals, and real estate records.

    b.    Narcotics traffickers frequently maintain narcotics, drug trafficking paraphernalia, books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of controlled substances. Such narcotics, drug trafficking paraphernalia and documentation are frequently maintained where the traffickers have ready access to them, including their homes.

    c.    Narcotic traffickers commonly maintain books, records and other documents that identify and contain the names, addresses and/or telephone or pager numbers of associates in their narcotics trafficking activities, including, but not limited to: address books, telephone books, Rolodexes, cellular telephones, pagers, personal digital assistants (PDA's), notes reflecting names, telephone numbers, photographs (to include still photographs, negatives, movies, slides, video tapes and undeveloped film), and audiotape recordings of conversations, including those made over a telephone

   answering machine.

 d. Those dealing in narcotics trafficking often maintain identification and travel documents, including, but not limited to, tickets, transportation schedules, passports, notes and receipts related to travel, and motel/hotel receipts.

 e. Indicia of occupancy, residency and/or ownership of the premises to be searched are often present in such premises.

### LOCATION AND DESCRIPTION OF PREMISES TO BE SEARCHED

 3. This affidavit is being submitted in support of the following:

A search warrant for the residence located at xxxx xxx xxxxxxxxx xxxxxx xxx. # xxx, Northwest, Washington, D.C. 20011. The building is described as a brick faced apartment building with main door entrances on xxxxxxxx xxxx and xxxxx xxxx NW, Washington, D.C. Above the main entrance on xxxxx xxxx the numbers xxxx are affixed to the top of the door. The entrances are glass doors that enter into the apartment building. Upon entering the apartment building from the xxxxxxxx xxxx side there is a set of stairs that goes up and those are the stairs utilized to get to the first floor. Once on the first floor from the xxxxxxxx xxxx side the target apartment is on the right hand side of the hallway. Once a right turn is made in the hallway the target apartment #xxx is at the end of the hallway on the left hand side. The target apartment has a peach, or pink wood slat door that opens outward and affixed to the wood slat door are the numbers xxx. The numbers xxx are affixed at approximately eye level. Once the wood slat door is opened there is a metal wood core door that enters into the target

apartment.

## THE INVESTIGATION

4..     The information set forth below is based upon this affiant's personal observations or upon information provided to me by other law enforcement officers participating in the investigation as indicated. As the purpose of this affidavit is only to establish probable cause, your affiant has not set forth each and every fact known concerning this investigation.

5.     A Confidential Informant (CI) provided information in support of this affidavit.  CI has been cooperating with ICE for approximately 5 months.  Since that time, CI has provided information to law enforcement on numerous occasions which has never been proven to be false.

6.     CI advised your affiant that CI is a long-time acquaintance of Richard Peralta, a drug trafficker who resides at xxxx xxx xxxxxxxxx xxxxxx, xxx. # xxx, N.W., Washington, D.C.  The CI advised your affiant that CI has been in the above-identified target apartment on several occasions.  On those occasions, CI has observed kilo quantities of marijuana within this apartment.  CI has also advised your affiant that on these several occasions, CI has observed large quantities of U.S. Currency, ledgers, "owe" sheets, scales, packaging materials and other items consistent with narcotics distribution and trafficking.   CI has stated to your affiant that while in the target apartment, CI has observed Richard Peralta distribute marijuana to other individuals visiting Peralta at this residence.  CI has also advised your affiant that CI has made these observations at the target apartment within the last 72 hours, including the observation of

approximately a kilogram of marijuana, large sums of U.S. Currency, ledgers, "owe" sheets, scales, packaging materials and other items consistent with narcotics distribution and trafficking. On at least two occasions within the last three weeks, your affiant has personally observed Richard Peralta enter the target apartment.

7. Based on the foregoing, I submit that there is probable cause to believe that Richard Peralta is engaged in the possession with intent to distribute marijuana, a Schedule IV controlled substance, in violation of 21 U.S.C. Section 841. I respectfully submit there is probable cause to believe that there is presently documents pertaining to the distribution and trafficking of controlled dangerous substances as well as controlled dangerous substances, in the premises known and described above, the items described in Attachment A hereto, all of which constitutes evidence, fruits, and instrumentalities of, inter alia, violations of Title 21, United States Code, Sections 841, which prohibit the possession with intent to distribute controlled substances.

8. Based on all the foregoing information, I respectfully request that the Court issue a search warrant to search the target apartment located at xxxx xxx xxxxxxxxx xxxxxx NW Apartment # xxx, Washington, D.C. 20011.

Dated this 26th day of October, 2006

_____
Jason Shatarsky
Senior Special Agent
United States Immigration
and Customs Enforcement

Sworn to me this _____ day of October, 2006

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

# **Attachment A**

# **Items to be Seized**

1. Marijuana. Any and all other illegally possessed controlled substances which are identified in the execution of this search warrant;

2. Records of narcotics transactions including, but not limited to, books, ledgers, receipts, notes, and other papers relating to the manufacture, transportation, importation, possession, and distribution of marijuana and other controlled substances;

3. Financial records and other records or documents reflecting narcotics trafficking activity of the disposition of narcotics proceeds, including, but not limited to, currency, bank checks, Western Union receipts, money orders, stocks, bonds, precious metals, and real estate records;

4. Records that identify other co-conspirators who conspired in the narcotics distribution operation described in the affidavit of Senior Special Agent Jason Shatarsky including, but not limited to: address books, Rolodexes, cellular telephones, pagers, or personal digital assistants (PDA's), notes reflecting telephone numbers, photographs (to include still photographs, negatives, movies, slides, video tapes, and undeveloped film), and audiotape recordings of conversations, including those made over telephone answering machines;

5. Identification documents;

6. Records of travel including, but not limited to, tickets, transportation schedules, passports, notes and receipts to travel, and motel/hotel receipts;

7. Indicia of occupancy, residency, and/or ownership of the premises, including keys, photographs, or documents,

   All of which constitute evidence, fruits, and instrumentalities of, inter alia, violations of Title 21 United States Code, Section 841, which prohibit the possession with intent to distribute controlled substances.